Chief Justice Robertson,
delivered the opinion of the court.
Munselu sued Phillips on a bond executed by his ancestor, and expressly binding him as heir. A judgment by default was rendered against Phillips absolutely. In this, there is error. At common law, an heir, who was bound by the contract of his ancestor, was liable, only to- the extent of the-estate which had descended to him; but by failing to plead or by mispleading, he might have subjected himself to •a judgment de bonis propriis. The same doctrine applied to personal representatives.
But an act of the legislature of this state, passed, in 1811, which provides, that executors or administrators shall not, as at common law, be liable personally, in consequence of omitting to plead or of pleading falsely, declares that its provisions shall apply to “heirs.”
It is not material, now to determine how much of the act of 1811, applies to heirs. We are satisfied, that the legislature intended to extend to them the provision which exempts personal representatives from individual liability, and, in this respect, at least, to place them all on the same ground. If the act should not be thus applied, it would be difficult to give it any application whatever to heirs, although the legislature declared that it shall apply to them as far as in reason and in justice, it can apply.
As therefore, a judgment de bonis propriis against a personal represpntative, by default, would be erroneous, a similar judgment against an heir cannot be proper. He, like an executor or administrator, should not be responsible beyond the estate whicn came to him from his ancestor. By failing to plead, he does not admit that any estate, or an estate sufficient to pay the debt lor which he is sued, descended to him.
In such case, therefore, the judgment should be rendered, to be levied of the estate descended.
Haggin, for plaintiffs; Triphit, for defendant.
Wherefore, the judgment in this case is reversed, and the cause remanded for further proceedings, consistent with this opinion.